UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JASON TUROCZI, et al.,<br>    Plaintiffs,<br><br>    v.<br><br>SCOTT SEMPLE, et al.,<br>    Defendants. | No. 3:24-cv-392 (SRU) |

## ORDER

This ruling addresses a *pro se* civil rights action brought by seventy-nine incarcerated plaintiffs. For the reasons set forth below, I sever the action and drop all plaintiffs from the case other than Jason Turoczi ("Turoczi").

### I.   Background

The present action arises from a class decertification in *Toliver v. Semple*, 3:16-cv-1899 (SRU). *Toliver* was bought by incarcerated individuals at Osborn Correctional Institution ("Osborn") in Somers, Connecticut. *See generally* Second Am. Consol. Compl., No. 3:16-cv-1899, Doc. No. 114. The plaintiffs brought Eighth Amendment claims challenging the conditions of their confinement at Osborn. *Id.* ¶¶ 7, 112-131. Specifically, the plaintiffs alleged they were exposed to hazardous levels of PCBs, friable asbestos, and contaminated water. *See generally id.*

On November 17, 2023, the parties reached a settlement in principle, doc. no. 292, and thereafter jointly moved to decertify the class. Doc. No. 300. On March 6, 2023, I provided notice to potential class members of my intent to decertify the class and urged them to file individual actions "on or before April 1, 2024, or risk being barred by the statute of limitations." Doc. No. 323. The Notice was posted in several locations, including "on the Department of

Correction's website" and "in the housing units at Department of Correction facilities." Doc. No. 322. On March 25, 2024, I granted the parties' motion to decertify the class. Doc. No. 333.

Decertification ensued a flood of new *pro se* civil rights actions related to conditions of confinement at Osborn. One was brought by Jason Turoczi. Turoczi first filed the present action with nineteen co-plaintiffs. Compl., No. 3:24-cv-392, Doc. No. 1 at 1, 3-4. He brought Eighth Amendment deliberate indifference claims alleging that unsafe conditions of confinement at Osborn were caused by asbestos, contaminated water, fire hazards, methane gas, mold, PCB levels, and poor building infrastructure. *Id.* at 6-7. Turoczi has since twice amended his complaint. Docs. No. 17, 25. Although his claims for relief remain the same, the number of plaintiffs has ballooned to seventy-nine. *See generally* Second Amended Complaint ("SAC"), Doc. No. 25.

As set forth below, and pursuant to Federal Rule of Civil Procedure 21, I sever this action and drop all plaintiffs other than Turoczi.

**II.    Discussion**

Generally, Rule 20 of the Federal Rules of Civil Procedure allows multiple plaintiffs to join in one action if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Federal Rule of Civil Procedure 21 gives the court broad discretion to, "[o]n motion or on its own, . . . at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Rule 21 "authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance." *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968).

First, it appears that there are factual circumstances unique to each plaintiff warranting severance. The plaintiffs share common questions of law insofar as they bring the same claims against the same defendants. *See* SAC, Doc. No. 25 at 10-11. But it is not obvious that each of the asserted claims would apply to each plaintiff. Not every plaintiff appears to have become sick from the complained-of conditions of confinement. Only some plaintiffs "contracted h pylori" from contaminated water. *Id.* at 11. Each plaintiff's date and length of incarceration in Osborn will differ, and the plaintiffs do not allege facts or attach records stating when they were housed in Osborn. Because of the sheer number of plaintiffs who joined in the action, I anticipate that factual circumstances unique to each plaintiff may render joinder impracticable.

Second, "the practical realities of managing . . . *pro se* litigation involving multiple incarcerated . . . [p]laintiffs militate against adjudicating the [p]laintiffs' claims in one action." *See Pinson v. Fed. Bureau of Prisons*, 2024 WL 2133831, at *2 (S.D.N.Y. Apr. 16, 2024). Pleadings and written motions must be personally signed by each *pro se* party. Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."). Thus, the seventy-nine plaintiffs must personally sign every document filed with the Court. Prison, however, introduces practical barriers to the kind of collaboration that seventy-nine *pro se* plaintiffs need to effectively litigate a case.

> [B]ecause of the transitory nature of confinement . . . and because of security concerns related to inmate correspondence and face-to-face communications, Plaintiffs would have at best only a very limited opportunity to discuss case strategy, share discovery, or even provide each other with copies of the motions and notices that they file with the Court. Further, this limited opportunity for communication can result in piecemeal submissions, delays, and missed deadlines.

*Pinson v. Fed. Bureau of Prisons*, 2024 WL 2133831, at *2 (S.D.N.Y. Apr. 16, 2024); *see also Lee v. Dep't of Corrs.*, No. 1:20-CV-8407 (GBD) 9(SDA), Doc. No. 7 at 3 (S.D.N.Y. Nov. 9, 2020) (ordering severance of fifty incarcerated *pro se* plaintiffs in part because of "the practical

3

realities of managing this *pro se* multi-prisoner litigation," including the "limited opportunity to discuss case strategy, share discovery, or even provide each other with copies of the motions and notices that they file with the Court.").

Third, this action appears to be structured like a class action. It is procedurally improper for *pro se* parties to bring a class action. *Pro se* parties "may not appear on another person's behalf in the other's cause. . . . [I]n order to proceed *pro se*, a person must be litigating an interest personal to him." *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) (cleaned up). Turoczi appears to be assuming the role of a lead plaintiff, but as a *pro se* plaintiff, he cannot represent other plaintiffs' interests. *Rodriguez v. Eastman Kodak Co.*, 88 F. App'x 470, 471 (2d Cir. 2004) (quoting 5 James W. Moore et al., Moore's Federal Practice § 23.25[4][c][v] (3d ed. 2003)) ("[I]t is well established that a *pro se* class representative cannot adequately represent the interests of other class members.") (cleaned up).[1] Severance is therefore necessary to protect each individual plaintiff's right to represent his own interests. *See Pinson*, 2024 WL 2133831, at *3 ("[A]llowing this case to proceed as a multi-plaintiff case would not be fair to the Plaintiffs . . . . Allowing each Plaintiff to proceed separately, on the other hand, would facilitate the fair . . . disposition of the litigation.").

## III. Conclusion

For the reasons stated above, and pursuant to Federal Rule of Civil Procedure 21, I sever this action and drop all plaintiffs other than Turoczi from the action. *See Saleh v. Digital Realty Tr., Inc.*, 2022 WL 3139733, at *6 (S.D.N.Y. Aug. 5, 2022) (quoting *In re Merrill Lynch & Co., Inc. Rsch. Reps. Sec. Litig.*, 214 F.R.D. 152, 154 (S.D.N.Y. 2003)) ("Rule 21 permits a court to

---

[1] Nothing in this Order prevents Turoczi from moving to consolidate actions later on or from bringing a putative class action with counsel.

add or drop parties to an action when doing so would serve the ends of justice and further the prompt and efficient disposition of the litigation.") (cleaned up).  Turoczi shall be the sole plaintiff who proceeds under this case caption.  **If the seventy-eight other plaintiffs wish to proceed, they must file new, individual complaints** on behalf of themselves personally **within the next thirty days**, by **December 6, 2024**.

Turoczi has only been granted leave to proceed *in forma pauperis* on behalf of himself. If the other plaintiffs wish to proceed *in forma pauperis*, they must file their own individual motions to proceed *in forma pauperis* when they file new complaints.

So ordered.

Dated at Bridgeport, Connecticut, this 6th day of November 2024.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

5